IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES ROBINSON, III and CHRIS SCRUGGS, individually and on behalf of those similarly situated, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:15-cv-158 ECF |
| GENERAL MOTORS COMPANY and GENERAL MOTORS, LLC, | § § § § | |
| Defendants. | § § | |

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO MOTION FOR RULE 23(b)(2) CLASS CERTIFICATION**

Robert J. Wiley
Texas Bar No. 24013750
rwiley@robwiley.com
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*
Eric P. Dama
Texas Bar No. 24090061
edama@robwiley.com

LAW OFFICE OF ROB WILEY, P.C.
1825 Market Center Blvd., Suite 385
Dallas, Texas 75207
Telephone:  (214) 528-6500
Facsimile:  (214) 528-6511

**ATTORNEYS FOR PLAINTIFFS**

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| Table of Contents | | i |
| I. | Introduction | 1 |
| II. | Argument and Authorities | 2 |
| | A. The purported class members are ascertainable | 2 |
| | B. Plaintiffs satisfy the certification requirements of Rule 23(a) | 2 |
| |    1. Plaintiffs satisfy the numerosity requirement of Rule 23(a) | 2 |
| |    2. Plaintiffs satisfy the commonality requirement of Rule 23(a) | 3 |
| |    3. Plaintiffs satisfy the typicality requirement of Rule 23(a). | 3 |
| | C. Plaintiffs meet the certification requirements of Rule 23(b)(2) and (b)(1) | 4 |
| |    1. Rule 23(b)(2) | 4 |
| |    2. Rule 23(b)(1) | 5 |
| III. | Conclusion | 6 |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

# I. INTRODUCTION

Class certification should be granted because Plaintiffs show a common policy that violates Title VII. Plaintiffs' Motion for Class Certification is appropriate because Plaintiffs have shown that General Motors' policy of refusing unpaid leave for holy days applies to workers regardless of their religious faith. This practice is precisely the type of case that is appropriate for Rule 23 class certification. Class certification is appropriate in civil rights cases seeking only injunctive relief, as this case does.

Plaintiffs have satisfied the adequacy, numerosity, typicality, and commonality requirements of Rule 23(a).  Defendants do not contest that Plaintiffs have satisfied the adequacy requirement of Rule 23(a).  Similarly, Plaintiffs show typicality because the named Plaintiffs and class members are being denied religious accommodation in the exact same way. General Motors' policy of refusing unpaid leave for holy days applies to employees regardless of their individual occupation within the plant, regardless of their union status, and regardless of whether they receive other religious accommodations.  Defendants do not contest that General Motors has denied Named Plaintiffs, as well as another General Motors worker who has submitted her declaration, unpaid leave to observe certain religious holidays.  Defendants also concede that General Motors denies its employees the right to take time off regardless of the availability of a volunteer worker.  These facts indicate that the denial of rights experienced by the Named Plaintiffs is typical of the class claims, and that the Plaintiffs satisfy the typicality requirement of Rule 23(a).

Because this case is narrowly limited to the specific instance of religious workers seeking unpaid leave for holy days, virtually every material issue of law and fact is common to the class.

Thus, the commonality requirement of Rule 23(a) is satisfied. Defendants' assertion that Plaintiffs fail to prove numerosity neither addresses nor refutes Plaintiffs' claims about the size of the class. Therefore, Plaintiffs' estimates about the size of the class satisfy numerosity.

## II. ARGUMENT AND AUTHORITIES

A.  **The purported class members are ascertainable.**

Defendants contend that the Court should deny Plaintiffs' Motion because the purported class is not clearly ascertainable. However, the class is ascertainable as the class includes only those employees subject to a specific collective bargaining agreement. Second, the class is defined objectively as individuals with a bona fide religious belief who are seeking unpaid leave. This is a specific, and ascertainable class, and Plaintiffs only seek injunctive relief.

If this Court were to enjoin General Motors from denying unpaid leave to workers seeking time off for religious holy days, this relief would only apply to this specific, ascertainable class. Whereas Defendants claim that the class is made up of hypothetical members, the members of this class are defined by the objective denial of their request to take unpaid leave for holy days. Therefore, the purported class members are ascertainable.

B. **Plaintiffs satisfy the certification requirements of 23(a).**

1. **Plaintiffs satisfy the numerosity requirement of Rule 23(a).**

Rule 23(a)(1) requires Plaintiffs to show that the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(3). Defendants also do not provide any evidence that Plaintiffs' estimates of the number of employees qualifying for the class are incorrect, but merely that they are speculative.

Defendants allege that Plaintiffs fail to introduce evidence that numerosity has been met, however, in *Garcia*, the Fifth Circuit held that, "The basic question is practicability of

joinder, not number of interested persons per se. Practicability of joinder depends on size of the class, ease of identifying its members and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Garcia v. Gloor,* 618 F.2d 264, 267 (5th Cir.1980).

Moreover, in *General Telephone Company of the Northwest, Inc v. Equal Employment Opportunity Commission*, the Supreme Court clarified with respect to the numerosity requirement of Rule 23(a)(1) that "The numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 321–23, 100 S.Ct. 1698, 1702, 64 L.Ed.2d 319 (1980). Therefore, Defendants' claim that Plaintiffs have failed to sufficiently prove numerosity is unfounded.

**2. Plaintiffs satisfy the commonality requirement of Rule 23(a).**

Defendants assert that Plaintiffs have failed to identify common questions of law or fact to support a class action because the merits of each class member's claims will necessarily require individual-specific inquiries. However, Defendants' argument is problematic, since individualized relief could result in different rules for different religions. Treating different religions differently would violate Title VII. Thus, Class resolution would be more appropriate than individualized relief. Because this case is narrowly limited to the specific instance of religious workers seeking unpaid leave for holy days, virtually every material issue of law and fact is common to the class. Thus, the commonality requirement of Rule 23(a) is satisfied.

**3. Plaintiffs have satisfied the typicality requirement of Rule 23(a).**

Plaintiffs satisfy the Rule 23(a) requirement of demonstrating that their claims and defenses are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Both

Named Plaintiffs, in addition to a third person seeking to protect her rights, had their requests for unpaid leave on holy days denied by General Motors. Regardless of their individual religions, each member of the class shares the experience of having their rights denied by General Motors. Therefore, as members of the class share a common injury that is susceptible to remedy through simple injunctive relief, Plaintiffs' claims are typical of the claims of the class.

### C. Plaintiffs meet the certification requirements of Rule 23(b)(2) and (b)(1)

#### 1. Rule 23(b)(2)

Plaintiffs seek certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

This is a civil rights case seeking only injunctive relief for the class. Class certification is appropriate in civil rights cases seeking injunctive relief, like this one. In *Wal-Mart v. Dukes*, the Supreme Court discussed the standard for establishing the commonality and cohesiveness elements of Rule 23 in the context of employment discrimination cases. 131 S. Ct. 2541 (2011). *Wal-Mart* involved claims for money (back pay and punitive damages) and thus did not fit within the scope of more traditional civil rights cases, like the instant suit, that merely seek injunctive relief. In *Wal-Mart*, a unanimous Supreme Court took great pains to recognize the important role that class actions play in remedying civil rights violations that do not seek class monetary relief.

The unanimous Court concluded: "As we observed in *Amchem*, '[c]ivil rights cases against parties charged with unlawful, class-based discrimination are prime examples' of what

[Rule 23](b)(2) is meant to capture." *Wal-Mart*, 131 S.Ct. at 2557-58. The Court did not, therefore, disturb well-established class certification parameters in more traditional civil rights cases. Indeed, the advisory notes to Rule 23 explain that civil rights cases are illustrative of the type of cases appropriately brought under section (b)(2) of the rule: "Illustrative [of cases brought under 23(b)(2)] are various actions in the civil-rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration."

In the instant case, General Motors is refusing to grant unpaid leave to workers whose religion requires no work and no pay on religious holy days. Plaintiffs' evidence shows this policy is consistently applied at General Motors. Without even the benefit of discovery, Plaintiffs have identified a putative class member experiencing the exact same refusal of the exact same requested accommodation. Similarly, without the benefit of formal discovery, eighteen workers have come forward to provide declarations that they would be willing to cover shifts. Plaintiffs are aware of no instance where General Motors is granting religious leave for holy days. This is exactly the type of situation where "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(2). Therefore, class action certification is appropriate under Rule 23(b)(2) and should be granted.

### 2. Rule 23(b)(1)

Rule 23(b)(1) covers situations where relief for the Named Plaintiffs either creates "incompatible standards of conduct for the party opposing the class" or "as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications." Fed. R. Civ. P. 23(b)(1). As noted in Plaintiffs' Motion for Class Certification, if Mr. Robinson and Mr. Scruggs prevail individually, General Motors faces two options: either (1)

only grant these two employees unpaid leave, which is an incompatible standard, or (2) grant the relief requested to all employees which, as a practical matter, disposes of the interests of those not parties to this action. This is the exact situation contemplated by Rule 23(b)(1).

### III. CONCLUSION

Plaintiffs' Motion meets the adequacy, numerosity, commonality, and typicality requirements of Rule 23(a). Plaintiffs' Motion also meets the certification requirements of Rule 23(b)(1) and (b)(2). Prosecuting several actions individually, and undertaking circumstance-specific inquiries, as Defendants suggest, would create incompatible standards of conduct for General Motors. Therefore, Plaintiffs respectfully request the Court to grant Plaintiffs' Motion for Class Certification.

        Respectfully submitted,

        ROB WILEY, P.C.

        By: */s/ Robert J. Wiley*
        Robert J. Wiley
        Texas Bar No. 24013750
        *Board Certified Specialist, Texas Board of Legal*
        *Specialization, Labor and Employment Law*

        LAW OFFICE OF ROB WILEY, P.C.
        1825 Market Center Blvd., Suite 385
        Dallas, Texas 75207
        Telephone: (214) 528-6500
        Facsimile: (214) 528-6511
        edama@robwiley.com

        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following on July 10, 2015, via the Court's ECF system:

John B. Brown
Gavin S. Martinson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
8117 Preston Road, Suite 500
Dallas, Texas 75225

        */s/ Robert J. Wiley*
        Rob Wiley