```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

JAMES ROBINSON III, et al.    §
                              §
VS.                           §  CIVIL ACTION NO. 4:15-CV-158-Y
                              §
GENERAL MOTORS COMPANY,       §
et al.                        §
```

### ORDER DENYING MOTION TO CERTIFY CLASS, GRANTING MOTION TO DISMISS, AND GRANTING LEAVE TO AMEND COMPLAINT

Before the Court is the Motion to Certify Class Under Federal Rule of Civil Procedure 23(b) of plaintiffs James Robinson III and Chris Scruggs (doc. 10). Also before the Court is the Motion to Dismiss of defendants General Motors Company and General Motors, LLC (collectively "GM") (doc. 5). After review, the Court DENIES Plaintiffs' motion to certify and GRANTS GM's motion to dismiss. Plaintiffs' request for leave to amend in the event of dismissal is GRANTED.

I.  BACKGROUND

Plaintiffs are current employees of GM. Plaintiffs allege that GM failed to accommodate their requests for unpaid days off to observe religious holidays in violation of Title VII of the Civil Rights Act of 1964. Plaintiffs sued GM on behalf of themselves and a purported class of similarly situated individuals for failure to accommodate their sincerely held religious beliefs.

Robinson is a member of the Tyler Sabbath Fellowship, a religious group that worships on Saturdays and additional holy days throughout the year. Robinson alleges that as part of his religious

beliefs, he cannot work or accept pay on holy days. He also alleges that GM granted all of his requests for unpaid leave on all of his religious holy days since 2008 but that in 2013, GM told Robinson that allowing him "to take off Saturdays was a sufficient enough religious accommodation, and that General Motors was not required to provide any further accommodation for holy days." (*Id.* at 5.)

Scruggs is a member of the Beth Yeshua Congregation, which recognizes certain holy days throughout the year. Scruggs alleges that his religious beliefs prevent him from working or receiving pay on holy days. In 2008, Scruggs claims that he began requesting unpaid leave on his religious holy days, which GM denied "multiple times." (*Id.*) According to Scruggs, GM finally granted his unpaid-leave requests for religious holy days in 2010. (*Id.* at 6.) But in 2013--after Robinson's attorney named Scruggs in a demand letter to GM--Scruggs contends that GM again began denying his leave requests. (*Id.* at 7.)

Scruggs and Robinson bring their Title VII claims on behalf of themselves and a class of similarly situated GM employees whose religious beliefs prohibit them from working or receiving compensation (e.g., vacation pay) on religious holy days. They seek a class-wide injunction ordering GM to permit class members to take unpaid leave on holy days, to inquire about the availability of volunteers to cover for employees requesting religious leave, and to seek no-cost methods of allowing class members to take religious

leave. Robinson and Scruggs also seek an incentive award, lost wages, economic damages, punitive damages, compensatory damages, and attorneys' fees and costs.

## II.  LEGAL STANDARD

Before a Court may certify a class, the plaintiffs must demonstrate that they satisfy all of the prerequisites of Rule 23(a) and that they fall within one of the categories set out under Rule 23(b). The Rule 23(a) prerequisites are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed R. Civ. P. 23(a).

Plaintiffs contend that they satisfy each of the Rule 23(a) prerequisites and that class certification is appropriate because the proposed class satisfies the requirements of Rule 23(b)(2) or, alternatively, Rule 23(b)(1). Rule 23(b)(2) requires that "the party opposing certification has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Rule 23(b)(1) covers situations where relief for the named plaintiffs would create "incompatible standards of conduct for the party opposing the class" or result in

3

"adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests."

### III. ANALYSIS

As a threshold matter, GM argues that the Court should deny Plaintiffs' motion to certify because the purported class is not clearly ascertainable. "The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). To maintain a class action, "the class sought to be represented must be adequately defined and clearly ascertainable." *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012) (quoting *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970)). "A precise class definition is necessary to identify properly those entitled to relief, those bound by the judgment, and those entitled to notice." *In re Monumental Life Ins. Co.*, 365 F.3d 408, 413 (5th Cir. 2004) (citation and quotation marks omitted). The Manual for Complex Litigation explains:

> Although the identity of individual class members need not be ascertained before class certification, the membership of the class must be ascertainable. . . . An identifiable class exists if its members can be ascertained by reference to objective criteria. The order

4

> defining the class should avoid . . . terms that depend on resolution of the merits (e.g., persons who were discriminated against.

Manual for Complex Litigation (Fourth) § 21.222 (2004).

Plaintiffs seek to represent a class of "all General Motors workers within the United States subject to the 2011 UAW-GM National Agreement and who may seek unpaid leave for a holy day because of a religious belief." (Pls.' Mot. at 2.) GM argues that membership in this purported class is not based on objective criteria, but rather a hypothetical--i.e., the ***possibility*** that GM employees ***may*** seek unpaid religious leave at some time in the future. GM argues that Plaintiffs' class definition is also lacking in clarity and definiteness as required by Fifth Circuit precedent.

The Court agrees. Although individual class members need not be ascertained prior to certification, the class itself must be ascertainable. Here, the Court has no way to ascertain the class under Plaintiffs' definition since the requested class includes ***any*** GM employee who ***might*** request unpaid religious leave in the future. And, as GM points out, determining individual class members would require the Court to wade through thousands of leave requests and evaluate each individual's circumstance (e.g., whether the request was based on religion, whether the employee requested unpaid leave, whether volunteer replacements were available) to determine whether a GM employee even qualifies as a member of Plaintiffs' class. Such a class is not adequately defined or ascertainable. Accordingly,

5

Plaintiffs' motion to certify should be denied.[1] For the same reason, GM's motion to dismiss Plaintiffs' class-action complaint is granted.

---

[1] Even if the Court were to conclude that the requested class is ascertainable, Plaintiffs have failed to satisfy the certification requirements of Rule 23(a). First, Plaintiffs have failed to sufficiently prove numerosity as they rely solely on speculation to fix the size of the class. Plaintiffs state that there are 396 GM plants and speculate, without any evidence, that the Court should estimate four employees from each plant would fit within the desired class. Plaintiffs then summarily "estimate" without supporting evidence, that the actual number of qualifying GM employees is "five to ten times this number" resulting in a class of between "7,290 and 15,840" GM employees. Speculation that numerosity has been met is insufficient. *Abrams v. Kelsey-Seybold Med. Grp.*, Inc., 178 F.R.D. 116, 128 (S.D. Tex. 1997).

Second, Plaintiffs have failed to identify common questions of law or fact to support class certification because the merits of each class member's claims would necessarily require individual, fact-specific inquiries. For each putative class member, the Court would be required to evaluate each member's religion, that religion's holy days, and the days for which each individual requested leave. "Class relief is most appropriate where the issues in the case turn on questions of law or fact 'applicable in the same manner to each member of the class.'" *Riley v. Compucom Sys., Inc.,* No. 398-CV-1876-L, 2000 WL 343189, at *2 (N.D. Tex. Mar. 31, 2000) (Lindsay, J.) (quoting *Gen. Tele. Co. Falcon*, 457 U.S. 147, 155 (1982)). Because the religious-accommodation claims at issue in this case would require that the Court engage in individualized analysis, these claims are ill-suited for a class action. *See Riley v. Compucom Sys., Inc.,* No. 3:98-CV-1876-L, 2000 WL 343189, at *2 (N.D. Tex. Mar. 31, 2000); *see also Haliye v. Celestica Corp.*, No. 06-CV-4769, 2009 WL 1653528, at *8 (D. Minn. June 10, 2009) (denying motion for class certification and explaining that "the outcome of a Title VII religious-accommodation claim is highly dependent on the specific facts of the claim.").

IV.  CONCLUSION

Based on the forgoing, Plaintiffs' motion for class certification is DENIED. GM's motion to dismiss is GRANTED, but Plaintiffs are GRANTED leave to amend their complaint. Plaintiffs must file their amended complaint no later than **November 23, 2015**.

SIGNED October 21, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE